IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Adrian Charles Banks, ) | |
| ) | Case No. 8:10-cv-3031-JMC-JDA |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| The State of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure [Doc 13]. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding *pro se* and to submit findings and recommendations to the District Court.

## **BACKGROUND**

Plaintiff brings this action against Defendant alleging, among other things, that Plaintiff's right to work is being constitutionally violated because Defendant requires Plaintiff to be a licensed builder in order to obtain permits to perform certain types of construction work, i.e., install vinyl siding on gable ends; cover eves with vented vinyl soffit; cover facias with PVC coil; and cap exterior window and door trim with PVC coil. [Doc 1 at 2.] Defendant argues that this Court lacks jurisdiction to hear Plaintiff's Complaint.

## APPLICABLE LAW

**Liberal Construction of *Pro Se* Complaint**

Plaintiff brings this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint may still be subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss**

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). On a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are

presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

## DISCUSSION

For purposes of federal question jurisdiction, 28 U.S.C. § 1331, the law is clear that a State cannot, without its consent, be sued in the District Court of the United States by one of its own citizens, upon the claim that the case is one that arises under the Constitution and laws of the United States. *See S. Ry. Co. v. S.C. State Highway Dep't*, 246 F. Supp. 435, 439 (D.S.C. 1965). A State's consent to suit in federal court by citizens of its own State must be clearly given, and in the absence of a clear declaration, it cannot be said that a State has consented. *Id.* (citing *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573 (1946); *Murray v. Wilson Distilling Co.*, 213 U.S. 151 (1909); *Chandler v. Dix*, 194 U.S. 590 (1904); *Copper S.S. Co. v. State of Michigan*, 194 F.2d 465 (6th Cir. 1952); *Chicago R.I. & P.R. Co. v. Long,* 181 F.2d 295 (8th Cir. 1950); *Miller v. State of Vermont*, 201 F. Supp. 930 (D. Vt. 1962)). Moreover, to establish federal diversity jurisdiction, the plaintiff and the defendant must be citizens of different states. 28 U.S.C. § 1332(a)(1).

There is no evidence that Defendant has consented to be sued in federal court on these claims. Additionally, Plaintiff is a citizen of South Carolina.[1] Based on these facts alone, the Courts finds that it lacks subject matter jurisdiction over this action.

---

[1] Plaintiff resides in Anderson, South Carolina. [Doc. 1 at 1.]

## CONCLUSION

Based on the foregoing, this Court recommends that Defendant's motion to dismiss be GRANTED and that this suit be dismissed with prejudice.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 11, 2011
Greenville, South Carolina