# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Adrian Charles Banks, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 8:10-03031-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| The State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation [Doc. # 26], filed on April 11, 2011, recommending Plaintiff Adrian Charles Banks' Complaint be dismissed for lack of subject matter jurisdiction. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

## DISCUSSION

Plaintiff is a *pro se* South Carolina resident seeking relief for Defendant's allegedly unconstitutional interference with his right to work by requiring him to be a licensed builder to complete certain types of construction work. Defendant asserts the 11th Amendment prohibits this court from exercising jurisdiction over this matter.

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

A State may not be sued without its consent by one of its citizens even if the claim arises under the Constitution and laws of the United States. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 67-68 (1996) (citing *Principality of Monaco v. Miss.*, 292 U.S. 313, 322 (1934)). A State's consent to be sued must be expressed unequivocally in the text of a relevant statute. *Sossamon v. Tex.*, 132 S. Ct. 1651, 1658 (2011) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)). A State may expressly consent to certain classes of suits while reserving its immunity in others. *Alden v. Me.*, 527 U.S. 706, 758 (1999). Finally, neither the Civil Rights Act of 1871 nor 42 U.S.C. § 1983 have abrogated the immunity afforded to States by the 11th Amendment. *Quern v. Jordan*, 440 U.S. 332, 338-41 (1979).

In his objections, Plaintiff fails to demonstrate that Defendant has consented to this suit. [Doc. # 31]. While Defendant has consented to be sued in certain limited actions through statutes like the South Carolina Tort Claims Act, there is no such law waiving Defendant's immunity in this case. Furthermore, Plaintiff's assertions [Doc. #31, at 2-3] that the Civil Rights Acts of 1866 and 1871 along with the 13th and 14th Amendments override Defendant's 11th Amendment immunity are simply incorrect. *Quern*, 440 U.S. at 338-41. Plaintiff is correct that Congress may abrogate States' 11th Amendment immunity pursuant to § 5 of the 14th Amendment. *Seminole Tribe of Fla.*, 517 U.S. at 59. However, he has failed to show that Congress has done so in this case. Consequently, Defendant is immune from suit, and no federal question jurisdiction exists.

Finally, 28 U.S.C. § 1332(a)(1) requires Plaintiff and Defendant to be citizens of different states in order for diversity jurisdiction to exist. Because Plaintiff and Defendant are both citizens of South Carolina, no diversity jurisdiction can be established.

Accordingly, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. # 26] and incorporates it herein by reference. It is therefore **ORDERED** that the Complaint be **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

May 31, 2011
Greenville, South Carolina